**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-7507**

CLARK R. MCKNIGHT,

Petitioner - Appellant,

v.

WARDEN FRANK BISHOP; THE ATTORNEY GENERAL OF THE STATE OF MARYLAND,

Respondents - Appellees.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Paul W. Grimm, District Judge.  (8:18-cv-03360-PWG)

Submitted:  May 24, 2019                                    Decided:  June 7, 2019

Before AGEE and DIAZ, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Clark R. McKnight, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Clark R. McKnight appeals the district court's order treating his Fed. R. Civ. P. 60(b) motion as a successive 28 U.S.C. § 2254 (2012) petition and dismissing it as successive. A certificate of appealability is not required for our review of the district court's determination that McKnight's Rule 60(b) motion was an unauthorized successive habeas petition, and we review that determination de novo. *United States v. McRae*, 793 F.3d 392, 397, 400 (4th Cir. 2015). Because we conclude that McKnight's motion was a mixed Rule 60(b) motion/§ 2254 petition, we grant leave to proceed in forma pauperis, affirm in part, deny a certificate of appealability, and dismiss in part.

In his purported Rule 60(b) motion, McKnight challenged both the district court's determination that his § 2254 petition was time-barred under 28 U.S.C. § 2244(d)(1)(A) (2012), and its conclusion that McKnight's claims were not cognizable in federal habeas. We have reviewed the record and conclude that the district court correctly found that McKnight's merits-related claims were successive attacks on his convictions, for which he had not obtained prefiling authorization, and that the district court was without jurisdiction to consider those claims on the merits. However, the district court erred in holding that McKnight could not challenge the district court's timeliness holding in a true Rule 60(b) motion. *See Gonzalez v. Crosby*, 545 U.S. 524, 535-36 (2005).

As we explained in *McRae*, when a habeas petitioner files a mixed Rule 60(b) motion/§ 2254 petition, the district court should afford the petitioner an opportunity to elect between deleting the improper claims or having the entire motion treated as a successive petition. 793 F.3d at 394, 400; *United States v. Winestock*, 340 F.3d 200, 207

2

(4th Cir. 2003). Although the district court did not afford McKnight that opportunity, we need not remand this case because the district court applied the Rule 60(b)(6) standard to McKnight's motion in the alternative and concluded that McKnight was not entitled to relief under that standard. We therefore affirm the district court's dismissal for lack of jurisdiction of McKnight's merits-related claims.

McKnight may not appeal the district court's alternative holding denying his Rule 60(b) motion unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). We have independently reviewed the record and conclude that McKnight has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss McKnight's appeal of the district court's denial of his Rule 60(b) challenge to the district court's timeliness determination.

Additionally, we construe McKnight's notice of appeal and appellate brief as an application to file a second or successive § 2254 petition. *Id.* at 203. In order to obtain authorization to file a successive § 2254 petition, a prisoner must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence, not previously discoverable by due diligence, that would be sufficient to establish by clear

3

and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the petitioner guilty of the offense. 28 U.S.C. § 2244(b)(2) (2012). Because McKnight's claims do not satisfy either of these criteria, we deny authorization to file a successive § 2254 petition.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*